David S. Ratner, Esq.
David Ratner Law Firm, LLP
david@davidratnerlawfirm.com
33 Julianne Court
Walnut Creek, CA 94595
Telephone: (917) 900-2868
Facsimile: (925) 891-3818
*Attorney for Plaintiff and the Class*

[Additional counsel appearing on signature page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RACHEL BULETTE,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| *v.* | |
| **WESTERN DENTAL SERVICES INC.,** a California corporation, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff Rachel Bulette ("Bulette" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Western Dental Services Inc. ("Western Dental" or "Defendant") to stop Western Dental from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers without their consent, and to otherwise obtain injunctive and monetary relief for all persons injured by Western Dental's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1.     Western Dental is the largest dental practice management company in the West with over 200 offices. It runs offices in California, Arizona, Nevada and Texas.[1]

2.     Text message communications are regularly sent out by Western Dental, reminding consumers about upcoming appointments and other details related to dental appointments.

3.     Text message marketing is also used to solicit former patients of Western Dental to book new appointments. Unfortunately, such messages are sent using an autodialer, regardless of whether Defendant has any form of consent to send such messages.

4.     In Plaintiff's case, Western Dental sent multiple autodialed text messages to her cellular phone notwithstanding Plaintiff's multiple demands that Western Dental stop texting her.

5.     In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Defendant to cease sending unsolicited text messages to consumers' cellular telephone numbers using an automatic telephone dialing system without consent, as well as an award of statutory damages to the members of the Class.

## PARTIES

6.     Plaintiff Bulette is a Hayward, California resident.

7.     Defendant Western Dental is a California corporation headquartered in Orange, California. Defendant conducts business throughout this District, the State of California, and the United States.

## JURISDICTION AND VENUE

8.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

---

[1] https://www.linkedin.com/company/western-dental-services/about/

9.      This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is incorporated in California and does significant business in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## COMMON ALLEGATIONS

**Western Dental Violates the TCPA By Sending Autodialed Text Messages
to Consumers' Cellular Phone Numbers Without Consent, After Consumers Opt-Out**

10.     Western Dental utilizes TalkSoft in order to send automated appointment reminders, and requests to schedule new appointments.

11.     TalkSoft's parent company RevSpring explains how it automates the process of patient outreach, which is used to bring former patients back into the dental clinics:



Healthca

Automated clinical outreach can help practices engage with no shows and bring patients who haven't scheduled their next visits back into the office. Practices can use automated outreach to send campaigns to the entire patient population or customize messages based on the type of service due, including detailed instructions. [2]

12.     As RevSpring explains, a corporation like Western Dental provides RevSpring (or TalkSoft in this case) with a list of patients that it wants to solicit business from. RevSpring then loads the list into its automated system and the messages are then sent out automatically:

---

[2] https://revspringinc.com/healthcare/practices/clinical-outreach/




[3]

13.     However, because of the process, even if a former patient opts-out and requests for the text messages to stop, they may still be bombarded with additional solicitation text messages.

14.     Not surprisingly, consumers have voiced their disapproval of receiving these unsolicited text messages even after texting "STOP" like Plaintiff Bulette did:

- "They send you text messages to remind you to make appointment months after you ask them to stop."[4]
- Message claimed to be from Western Dental for 'Nancy'. 'Reply STOP to opt out'. When I replied stop, I got a warning that charges may apply."[5]
- Keep texting about a dental records.[6]

### PLAINTIFF'S ALLEGATIONS

### Plaintiff Received Autodialed Text Messages to Her Cell
### Phone Despite Telling Defendant to Stop Texting

15.     Until 2016, Plaintiff Bulette was a patient of Western Dental.

16.     Beginning in 2017, Plaintiff started receiving autodialed solicitation text messages to her cellular phone from Defendant using shortcode 39837. The first text message stated, "Dear

---

[3] https://revspringinc.com/healthcare/practices/clinical-outreach/
[4] https://findwhocallsyou.com/8664695955?CallerInfo
[5] https://www.showcaller.global/us/+18664695955
[6] https://findwhocallsyou.com/8664695955?CallerInfo

CLASS ACTION COMPLAINT
-4-

RACHEL, our records indicate it is time for your next dental appointment at Western Dental. Call 866-469-5955 to schedule. Reply STOP to opt out."

17.     Plaintiff then received a second autodialed solicitation text message from Defendant using shortcode 39837 on September 13, 2017 at 1:18 PM stating "Dear RACHEL, our records indicate it is time for your next dental appointment at Western Dental. Call 866-469-5955 to schedule. Reply STOP to opt out."

18.     On September 19, 2017 at 6:39 PM, Plaintiff sent "Stop" to shortcode 39837 in order to stop receiving solicitation text messages from Defendant. She immediately received a confirmation of her opt-out request:



19.     Despite her opt-out request, Plaintiff received another unsolicited, autodialed text message to her cellular phone a few days later on September 26, 2017 at 11:02 AM, again from shortcode 39837 stating, "Dear RACHEL, our records indicate that you have treatment that is incomplete at our WD office. Call 866-482-5219 to schedule. Reply STOP to opt out."

20.     Plaintiff immediately replied "Stop" to this text message as well and received a
confirmation that she had been unsubscribed from future text messages.

Sep 26, 2017, 11:02 AM

Dear RACHEL, our records indicate that you have treatment that is incomplete at our WD office. Call 866-482-5219 to schedule. Reply STOP to opt out.



You have successfully been unsubscribed from Talksoft and will receive no further messages. Reply START to resubscribe

21.     Again, despite a second opt-out request, Defendant sent another autodialed text
message to Plaintiff's cell phone from shortcode 39837 on February 8, 2018 at 10:15 AM simply
stating, "Dear RACHEL,"

22.     On March 7, 2018 at 10:48 PM, Plaintiff received the same exact text message
from Defendant using shortcode 39837 stating, "Dear RACHEL,"

23.     On April 12, 2018 at 1:13 PM, Plaintiff received yet another unsolicited,
autodialed text message on her cell phone from Defendant using shortcode 39837, this time
stating, "Dear RACHEL, our records indicate it is time for your next dental appointment at
Western Dental. Call 866-469-5955 to schedule. Reply STOP to opt out."

24.     On May 8, 2018 at 11:05 AM, Plaintiff received another unsolicited, autodialed
text message on her cell phone from Defendant using shortcode 39837, stating, "Dear RACHEL,
our records indicate it is time for your next dental appointment at Western Dental. Call 866-469-
5955 to schedule. Reply STOP to opt out."

25.     On June 1, 2018 at 10:36 AM, Plaintiff received another unsolicited, autodialed text message on her cell phone from Defendant using shortcode 39837, stating, "Dear RACHEL, our records indicate it is time for your next dental appointment at Western Dental. Call 866-469-5955 to schedule. Reply STOP to opt out."

26.     On August 9, 2018 at 12:14 PM, Plaintiff received another unsolicited, autodialed text message on her cell phone from Defendant using shortcode 39837, stating, "Dear RACHEL, our records indicate it is time for your next dental appointment at Western Dental. Call 866-469-5955 to schedule. Reply STOP to opt out."

27.     On October 11, 2018 at 11:26 AM, Plaintiff received another autodialed text message on her cell phone from Defendant using shortcode 39837, this time stating, "Dear RACHEL, . Reply STOP to stop."

28.     On December 5, 2018 at 3:13 PM, Plaintiff received another unsolicited, autodialed text message on her cell phone from Defendant using shortcode 39837, this time stating, "Dear RACHEL, we miss you! Call us today at 866-469-5955 to schedule yr next cleaning or treatment at Western Dental. Reply STOP to opt out."

29.     On December 27, 2018 at 11:02 AM, Plaintiff received another unsolicited, autodialed text message on her cell phone from Defendant using shortcode 39837, this time stating, "Dear RACHEL, start the new year w a healthy smile! Call 866-469-5955 to schedule yr next cleaning or treatment at Western Dental. Reply STOP to opt out"

30.     On January 17, 2019 at 10:33 AM, Plaintiff received another unsolicited, autodialed text message on her cell phone from Defendant using shortcode 39837, this time stating, "Dear RACHEL, start the new year w a healthy smile! Call 866-469-5955 to schedule yr next cleaning or treatment at Western Dental. Reply STOP to opt out"

CLASS ACTION COMPLAINT
-7-

31.     Plaintiff replied to the January 17, 2019 text with "Stop." She received an immediate response stating, "You have successfully been unsubscribed and will receive no further messages. Reply START to resubscribe."

32.     The majority of the text messages ask Plaintiff to call 866-469-5955 to schedule a new appointment. Phone number 866-469-5955 belongs to and/or is controlled by Western Dental.

33.     Plaintiff does not have a current relationship with Western Dental or any of its affiliated companies, and has expressly withdrawn any consent Western Dental may have had to text her.

34.     In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator.  This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "STOP," the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

35.     The unauthorized text messages sent by Western Dental, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Bulette's use and enjoyment of her phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

36.     Seeking redress for these injuries, Bulette, on behalf of herself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

CLASS ACTION COMPLAINT
-8-

# CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Texts Sent by Western Dental Agents**

37.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendant used to text message Plaintiff, (4) after that person opted-out of Defendant's text messages and did not resubscribe.

38.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

39.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

40.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant utilized an automatic telephone dialing system to send text messages to Plaintiff and the members of the Class;

(b) whether Defendant continued to send autodiated text messages to Plaintiff and members of the Class after Plaintiff and members of the Class opted-out of receiving additional text messages;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct in ignoring consumer opt-outs.

41. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

42. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

CLASS ACTION COMPLAINT
-10-

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Class)**

43.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them by reference herein.

44.     Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Class using an autodialer after Plaintiff and members of the Class opted-out of receiving additional text messages.

45.     These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

46.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

47.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bulette, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and her attorneys as Class Counsel;

b)  An award of actual and/or statutory damages and costs;

c)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)  An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes; and

e)  Such further and other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**RACHEL BULETTE**, individually and on behalf of those similarly situated individuals

Dated: February 4, 2019

By:  _/s/ David Ratner_
David S. Ratner, Esq.
David Ratner Law Firm, LLP
33 Julianne Court
Walnut Creek, CA 94595

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

_Attorneys for Plaintiff and the putative Classes_

_*Pro Hac Vice motion forthcoming_