UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RACHEL BULETTE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**WESTERN DENTAL SERVICES INC.,** et. al,<br><br>*Defendants*. | Case Number: 3:19-cv-00612-MMC<br><br>**[PROPOSED]** ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

Plaintiff Rachel Bulette, on behalf of herself and a class of similarly situated persons, and Defendants Western Dental Services Inc. and RevSpring, Inc. have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Amended Class Action Settlement Agreement dated as of March 11, 2020 ("Settlement" or "Agreement"). The proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not appear to improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the other Releasing Parties will fully, finally, and forever resolve, discharge, and release the Released Claims against the Released Parties.

1

The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement ("Motion"). Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement appears to be the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter a Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a service award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has personal jurisdiction over all Settlement Class Members, and the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits thereto.

3. The Motion for Preliminary Approval of Class-Action Settlement is granted. For the purpose of settlement only, the Court finds that certification of the Settlement Class is appropriate because (a) the Class is ascertainable and sufficiently numerous; (b) there are questions of law and fact that are common to the Class, and those questions predominate over any questions affecting individual Class Members; (c) Plaintiff's claims are typical of the claims of the Class; (d) Plaintiff and Class Counsel are adequate representatives of the Class; and (e) a class action is superior to other available methods for adjudicating the Action.

4. Furthermore, the Court finds that (a) the terms of the Settlement Agreement appear to be fair and reasonable to the Class when balanced against the probable outcome of further litigation relating to class certification, liability and damage issues, and potential appeals; (b) Class Counsel are experienced in class-action litigation, including litigation under the Telephone Consumer Protection Act; (c) significant investigation and discovery was undertaken, enabling Plaintiff and Defendants to reasonably evaluate each other's positions and financial capacity; (d) approving the Settlement Agreement appears likely to avoid the substantial costs, delay, and risks that would be presented by further litigation; and (e) the terms of the Settlement Agreement appear to be the result of intensive, serious, and non-collusive negotiations between Plaintiff and Defendants, including a full day mediation with JAMS mediator Bruce A. Friedman. Accordingly, the Court preliminarily finds that the Settlement Agreement falls within the range of possible final approval and therefore meets the requirements of preliminary approval.

5. The Court therefore provisionally certifies the following Settlement Class: all regular users or subscribers to numbers assigned to wireless carriers to which a text message was attempted using RevSpring's TalkSoft platform, after RevSpring received a text message containing the word "stop" from such number in response to a Western Dental text message, within four years of February 4, 2019. Excluded from the Settlement Class are: (1) the Judge presiding over this action (or the Judge or Magistrate presiding over the action through which this matter is presented for settlement), and members of their families; (2) the Defendants, Defendants' respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and submit a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded person(s).

6. The Court appoints Plaintiff, Rachel Bulette, as Class Representative.

7. The Court appoints the following people and firms as Class Counsel: Avi R. Kaufman and Rachel E. Kaufman of Kaufman P.A. and Stefan Coleman of Law Offices of Stefan Coleman P.A.

8. The Court approves the form and content of the Claim Form, Long-Form Notice, and Summary Notice, substantially in the forms attached as Exhibits A through C to the Settlement. The Court further finds that the Notice Program described in the Settlement is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's Fee Application and the request for service award for Plaintiff, the claim process, and their rights to opt-out of the Settlement Class or object to the Settlement. The Notices and Notice Program constitute sufficient notice to all persons entitled to notice. The Notices and Notice Program satisfy all applicable requirements of law, including, but

not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of due process.

9. The Court appoints Epiq as the Settlement Administrator. All costs of administration will be paid from the Settlement Fund as set forth in the Settlement Agreement. Pursuant to 15 U.S.C. Sec. 1681b(a)(1), the Administrator is permitted to obtain information governed by the Fair Credit Reporting Act for the sole purpose and to the extent necessary of locating current addresses of Settlement Class Members in order to fulfill the Notice obligations under this Order

10. The Settlement Administrator shall implement the Notice Plan, as set forth in the Settlement, and the Claims Process using the Claim Form and Notices substantially in the forms attached as Exhibits A through C to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Notice Plan, as specified in the Settlement and approved by this Preliminary Approval Order.

11. The Settlement Administrator shall send Notice within thirty (30) days after entry of this Preliminary Approval Order (the "Notice Date").

### Final Approval Hearing, Opt-Outs, and Objections

12. A Final Approval Hearing shall be held before this Court on July 17, 2020, at 9:00 a.m., approximately 90 days after the entry of this Preliminary Approval Order, to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application and request for a service award for the Class Representative should be granted.

13. Any person within the Settlement Class who wishes to be excluded from the Settlement may exercise their right to opt-out of the Settlement by following the opt-out procedures set forth in the Settlement and in the Notice at any time prior to the Opt-Out Deadline. To be valid and

timely, opt-out requests must be received by the Settlement Administrator on or before the Opt-Out Deadline, which is 60 days after the Notice Date, and mailed to the address indicated in the Notice.

14. Any Settlement Class member may object to the Settlement, including to any of its terms or provisions, Class Counsel's Fee Application, or the request for a service award for Plaintiff, as set forth in the Settlement Agreement and Notice. Any objection must be in writing, filed with the Clerk of Court, and postmarked no later than June 12, 2020. Settlement Class Members may object either on their own or through an attorney hired at their own expense. Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Bulette v. Western Dental Services, Inc. and RevSpring, Inc.*, No. 3:19-cv-00612-MMC" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the phone number(s) at which he or she received text(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement. If an objecting party chooses to appear at the hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear. A Settlement Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Settlement Class Member. No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in his/her written objection, but failed

to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection will be deemed waived. If a Settlement Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing.

<u>Further Papers in Support of Settlement and Attorney's Fee Application</u>

15. Plaintiff and Class Counsel shall file their Fee Application and request for a service award for Plaintiff no later than April 23, 2020, which is 50 days prior to the Opt Out Deadline. Plaintiff and Class Counsel shall post their Fee Application and request for a service award on the Settlement Administrator's website no later than April 23, 2020.

16. Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement and their responses to timely filed objections to the Settlement, the Fee Application, and/or request for a service award for Plaintiff, no later than July 2, 2020, which is 15 days before the Final Approval Hearing.

<u>Effect of Failure to Approve Settlement</u>

17. If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, any Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar of Other Proceedings

18. All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

19. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before it:

| Event | Date |
| --- | --- |
| Notice Date | April 13, 2020 |
| Deadline for filing and posting on Settlement website Class Counsel's Fee application and request for service award | April 23, 2020 |
| Deadline to opt-out or to object | June 12, 2020 |
| Deadline to submit Claim Form | June 12, 2020 |
| Deadline to file Motion for Final Approval and responses to objections | July 2, 2020 |
| Final Approval Hearing | July 17, 2020, at 9:00 a.m. |

20. This Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. This Court may approve or modify the Settlement without further notice to the Settlement Class.

**IT IS SO ORDERED**, this 13th day of March 2020.

Maxine M. Chesney
United States District Judge