UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RACHEL BULETTE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**WESTERN DENTAL SERVICES INC.,** et. al,<br><br>*Defendants*. | Case Number: 3:19-cv-00612-MMC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; FINAL JUDGMENT** |

In connection with granting preliminary approval of the parties' class-wide Settlement of this Litigation, the Court scheduled a Final Fairness Hearing for July 17, 2020.[1] Also pursuant to the Court's Preliminary Approval Order, Plaintiff Rachel Bulette timely moved for Final Approval of the Class-Action Settlement and moved for attorneys' fees and expenses and a service award to Class Representative, both of which came for hearing in Courtroom 7 of the

---

[1] As used herein, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

1

above-captioned Court on July 17, 2020.  Having read all of the papers filed in connection therewith, as well as all of the evidence and argument submitted with respect to the proposed Settlement, the Court finds that the proposed Settlement is fair, reasonable, and adequate. The Court therefore FINDS AS FOLLOWS:

1. The Court has personal jurisdiction over all Settlement Class Members, and the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits thereto.

2. Pursuant to Fed. R. Civ. P. 23, and for purposes of this settlement only:

   a. The Settlement Class consists of all regular users or subscribers to numbers assigned to wireless carriers to which a text message was attempted using RevSpring's TalkSoft platform, after RevSpring received a text message containing the word "stop" from such number in response to a Western Dental text message, within four years of February 4, 2019.  Excluded from the Settlement Class are: (1) the Judge presiding over this action and members of the Judge's family; (2) the Defendants, Defendants' respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded person(s).

   b. The Class is ascertainable and so numerous that joinder of all members is impracticable.  The Class consists of over 275,000 class members and the Class Members have been determined by objective means from Defendants' records.

   c. There are questions of law or fact common to the Settlement Class, centered around Defendants' autodialed text messages to class members' cellular telephone

number after RevSpring received a text message containing the word "stop" from such number in response to a Western Dental text message.

    d. The claims of the proposed class representative are typical of the claims of the Class. The proposed class representative and each member of the proposed Class are alleged to have suffered the same injury caused by the same course of conduct.

    e. Plaintiff has fairly and adequately represented and protected the interests of the Class. Plaintiff is a member of the proposed Class. Neither Plaintiff nor her counsel have any conflicts of interest with the other class members, and Class Counsel have demonstrated that they have adequately represented the Class.

    f. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

    g. A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the Settlement substantially benefits both the litigants and the Court, and there are few manageability issues as settlement is proposed rather than a further trial.

3. Pursuant to Fed. R. Civ. P. 23(e), the Settlement Agreement is, for the reasons stated on the record at the Final Fairness Hearing, in all respects fair, reasonable, and adequate, and is in the best interests of all Class Members, taking into account the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; and (7) the reaction of the class members of the proposed settlement. Additionally, for the reasons stated on the record at the hearing, the Settlement Agreement is not the product of collusion.

3　　PROPOSED ORDER GRANTING FINAL APPROVAL
CASE NO. 3:19-CV-00612-MMC

4.     The plan for distribution of the Settlement Fund is fair and equitable. The Settlement Administrator shall perform the distribution to Settlement Class Members following the process set forth in the Settlement Agreement without further order of this Court.

5.     The Court finds that the notice given class members (i) constituted the best notice practicable under the circumstances, (ii) was reasonably calculated, under the circumstances, to apprise Class members of the settlement, the effect of the settlement (including the releases therein), and their right to object to the terms of the settlement and appear at the Final Approval Hearing, (iii) constituted due and sufficient notice of the settlement to all reasonably identifiable persons entitled to receive such notice, and (iv) satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(1), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all applicable laws and rules.

6.     The Court finds that the settlement notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.  None of those officials filed a response to the settlement notice.

7.     There are no objections.

8.     There were 24 class members who submitted valid opt out requests. Those individuals are not bound by this judgment or the Release in the Settlement Agreement. A list of the individuals who submitted valid opt outs is attached to this order as Exhibit A.

9.     The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement.

10.    Having considered the motion for a service award and the additional information provided by Class Counsel at the hearing, the Court finds a class representative service award in the amount of $5000 payable to Plaintiff is approved as fair and reasonable, in light of the results that were obtained under the Settlement Agreement, the risks that she incurred in prosecuting the

Action, and the assistance she provided to Class Counsel throughout the case. Accordingly, the Court approves that amount as the Service Award and directs that it be paid pursuant to the terms of the Settlement Agreement.

11. Under the Settlement Agreement, Class Counsel is permitted to seek Court approval of attorneys' fees and documented and reasonable expenses and costs. Having considered Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and considering the percentage of the fund, the quality of representation provided and the results obtained, as well as a number of other factors, the Court awards Class Counsel attorneys' fees of $2,425,000 and costs and expenses of $12,919.49, representing fair and reasonable compensation and reimbursement for Class Counsel's efforts in investigating, litigating and settling this action.

12. All payments of attorneys' fees and reimbursement of expenses to Class Counsel in this Action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses except as provided in the Settlement Agreement.

13. Accordingly, the Court hereby finally APPROVES the proposed settlement as reflected in the Settlement Agreement, the respective terms of which, including but not limited to the releases, are hereby incorporated by reference as though fully set forth herein.

14. The Court having granted final approval to the Settlement Agreement, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. Immediately upon entry of this Final Judgment by the Clerk, this action shall be closed according to the Court's standard practices.

2. The Settlement Agreement is approved as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; the Parties and their counsel are directed to implement and consummate the Agreement according to its terms and provisions; and the

Agreement is declared to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and the Releasing Parties.

3. The Parties are hereby directed to take all actions required under the terms and provisions of the Settlement Agreement.

4. To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the Parties and the Court to be *res judicata*, and to prohibit and preclude any prior, concurrent or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Settlement Class Members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses or losses that arise from the text messages sent, or attempted to be sent, by or on behalf of Defendants within four years preceding February 4, 2019. Plaintiff and Class Members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

5. All persons who are Settlement Class Members are bound by this Final Judgment and are enjoined from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims released by the Settlement Agreement.

6. The Court shall retain continuing jurisdiction over this action as to the following matters: (i) enforcement of the terms of the Settlement Agreement; (ii) issues relating to settlement administration; and (iii) enforcement of this Judgment, the Final Approval Order, and any order relating to attorneys' fees or class representative award.

7.      This Action (including all individual claims and Settlement Class Member claims asserted therein) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement. No just reason exists for delay in entering this Final Judgment.

**IT IS SO ORDERED**, this 17th day of July 2020.

_____
HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE